## Johnson *v.* Hernig, Appellant.

*Promissory notes—Protest—Waiver of protest—Evidence.*

In an action upon a promissory note against an indorser, where it appears that the note had not been presented for payment, and had not been protested, the plaintiff may show that in a conversation over the telephone with the defendant, the latter said that he would get the parties in interest liable on the note to pay it, and that he did not wish to have it protested, and such evidence is proper for the jury on the question of waiver of protest.

Argued Oct. 10, 1911.  Appeal, No. 103, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1909, No. 3,543, on verdict for plaintiff in case of Joshua M. Johnson v. Peter Hernig.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit against an indorser on a promissory note. Before BARRATT, J.

Defendant presented the following points:

1. Since the plaintiff has failed to produce competent evidence showing that the note upon which this suit is brought was presented at the Northumberland National Bank, Northumberland, Pa., where it was made payable at the time it became due, the plaintiff is not entitled to recover.  *Answer:* Refused. [1]

2. Since the note has not been protested and the defendant is an indorser the plaintiff is not entitled to recover.  *Answer:* Refused. [2]

3. An alleged conversation over the telephone, in which the plaintiff claims that the defendant waived protest of said note, which conversation is denied by the defendant, is not such evidence of waiver of protest of a negotiable instrument as the law requires in order to hold an indorser. *Answer:* Refused. [3]

4. The verdict in this case must be in favor of the defendant.  *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $665.95.  Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them; (5, 6) rulings on evidence, quoting the bill of exceptions.

*J. S. Freeman,* for appellant.

*Charles L. Smyth,* for appellee.

OPINION BY BEAVER, J., March 1, 1912:

The question as to whether or not the plaintiff held the

promissory note upon which he sought to hold the defendant as indorser, as an innocent holder for value before maturity, was simply one of fact. If his testimony was believed, the verdict was justified.

The note was not presented for payment and was not protested. The plaintiff, however, sought to account for the failure to present and protest by his testimony as to a waiver by the defendant on the second day prior to the maturity of the note. That such a waiver is permissible is clearly provided in our negotiable instruments Act of May 16, 1901, in secs. 82, 96, 109 and 111, P. L. 194.

The plaintiff alleged that he had a conversation with the defendant over the telephone, and that the defendant distinctly waived presentment and protest, saying that he would get the parties in interest liable on the note to pay it, and that he did not wish to have it protested. Plaintiff testified that he distinctly recognized the voice of the defendant, that he had talked with him over the telephone previously and had spoken to him a number of times in regard to the note which was the subject of controversy, and that he, the defendant, well knew that the plaintiff held the note as the indorsee of the party to whom it had been given. This question was also submitted to the jury under proper instructions and was found for the plaintiff.

The appellant argues at great length the improbability of, and inconsistencies in, the plaintiff's statement of facts, but these questions were clearly for the jury, and with them we have no serious concern.

The direct contradictions between the plaintiff and defendant could be accounted for only by a lack of memory or moral sense on the part of the one or the other, and as to which was in fault in this respect it was the province of the jury to determine.

As to the part taken by the court in the examination of witnesses, it is not necessary for us to discuss. The assignment of error relating thereto is not specific and finds no fault as to any particular question or course of examination. The trial judge was as careful in examining the

plaintiff as the defendant and seemed to be anxious only to arrive at the truth.

Under all the evidence, we think the notice was sufficient to enable the jury to pass upon the fact of whether or not it was actually given and whether or not the note was sufficiently described in view of the previous conversations of the plaintiff with the defendant, as testified to by the former. Both questions were for the determination of the jury, depending upon their confidence in the memory or veracity of each of the parties who testified to an entirely different state of facts.

The fifth and sixth assignments of error relate to the admission of evidence which seems to us to have been properly admitted, in view of the fact that ground had been laid in his cross-examination for the contradiction of the defendant as to his business relations with Carr for whom he had indorsed the note, the testimony tending to contradict him in relation thereto.

The case, as we view it, was fairly tried and properly submitted to the jury. The assignments of error are, therefore, all overruled.

Judgment affirmed.